## Lush *vs.* Alburtis.

*In the matter of the Will of* Eliza Cox, *deceased.*

It having appeared in the course of taking proof of a will propounded for probate, that the decedent at the time of her decease was a married woman :— Held, that the citation to her next of kin was not sufficient to authorize the proceeding, and that a new citation must issue to the husband of the decedent.

If the will of a married woman, as authorized by the acts of 1848 and 1849, authorizing married women "to take, hold, convey and *devise*, real and personal property," be offered for probate, her husband, if she leave him

surviving, is the sole party in interest as against the will, and must be cited "to appear and attend the probate," so that he may have the proper opportunity of contestation.

H. M. DEWEY, *for Executor.*
R. BUSTEED, *for Contestant.*

THE SURROGATE. The petition for probate states, that the decedent was a widow, and that her sister was her only next of kin. The will was contested, and in the course of the testimony it appeared that the decedent was a married woman. The question now arises, whether the husband should be cited to attend the probate. The Revised Statutes require, on an application to prove a will of personalty, that the Surrogate should ascertain by satisfactory evidence "the names and places of residence of the widow and next of kin of the testator," and thereupon issue a citation "requiring *the proper person*, at such time and place as shall be therein mentioned, to appear and attend the probate of the will." (2 *R. S.*, 3*d ed.*, *pp.* 126, 127, §§ 48, 50.) These provisions manifestly do not contemplate the probate of the will of a married woman, and for the very sufficient reason, that at that time a married woman could not make a proper will. Since then, by virtue of the acts of 1848 and 1849, authorizing married women to take, hold, convey and devise property, they may make valid wills ; but no special provisions having been enacted touching the probate thereof, it is necessary to fall back upon the principles which should regulate Courts in their mode of procedure. It is an elementary rule, that no person should be affected as to his property or rights without being made a party to the proceeding, or having proper notice of its prosecution, so that he may appear and intervene for his interest. In the matter of the estate of Ellen Golden, deceased, I decided, that notwithstanding the acts of 1848 and 1849, the surplus of the personal estate of a married woman dying intestate and leav-

58

ing her husband surviving, after the payment of debts be-
longed to her husband, or his personal representatives.   It
follows in such a case, that where a will is presented for
probate, the husband is the only party in interest to oppose,
as he is the only person who would take, provided there
were no will.   The relatives of the deceased wife have no
interest, for nothing will pass to them in case of intestacy.
It would be absurd, therefore, to cite the next of kin who
have no interest, and not to cite the husband who takes the
whole surplus in case of intestacy.   I have no objection
against citing the next of kin in such cases, though it
seems to be entirely unnecessary.   But it would certainly
be wrong to proceed to probate without notice to the
husband.   The fact that the decedent was a married
woman having been discovered after the examination of
several witnesses, and before the evidence was closed, it
becomes necessary to suspend further proceedings.   A new
citation must be issued to the husband, and the matter will
stand adjourned over to the return day of the citation.